UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MEAGHAN LOMBARDO and ISABELLA LORENZO,

            Plaintiffs,

  -against-                                      **COMPLAINT**

BRIDGEHAMPTON TENNIS & SURF CLUB, INC.,

            Defendants.
------------------------------------------------------------------------X

       Plaintiffs, MEAGHAN LOMBARDO and ISABELLA LORENZO ("Plaintiffs") by and through their attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, BRIDGEHAMPTON TENNIS & SURF CLUB, INC. ("Defendant"), allege as follows:

## NATURE OF THE ACTION

       1.     Plaintiffs bring this action to recover damages for sexual harassment and unlawful retaliation for opposing discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. (hereinafter "Title VII") and the New York State Human Rights Law, N.Y. Executive Law §290 et seq. (hereinafter ("NYSHRL").

       2.     Plaintiffs seek injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, reasonable attorney's fees and other appropriate relief.

## JURISDICTION AND VENUE

       3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

       4.     This action properly lies in the United States District Court for the Eastern District of New York pursuant to 42 U.S.C. 2000e-5(f)(3) because the unlawful discriminatory conduct occurred within the County of Suffolk in the State of New York.

5. Defendant does business in the State of New York within the Eastern District of New York and maintains a place of business in Bridgehampton, New York.

6. Prior to commencing this action, Plaintiff, MEAGHAN LOMBARDO, timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") under charge number 520-2022-00364.

7. Prior to commencing this action, Plaintiff, ISABELLA LORENZO, timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") under charge number 520-2022-00368.

8. Plaintiffs will amend this Complaint upon receipt of the Notice of Right to Sue.

## PARTIES

9. Plaintiff, MEAGHAN LOMBARDO, is a female and was an "employee" within the meaning of Title VII and the NYSHRL.

10. Plaintiff, ISABELLA LORENZO, is a female and was an "employee" within the meaning of Title VII and the NYSHRL.

11. At all times relevant, Defendant is a domestic corporation that provides tennis and swimming facilities to its members.

12. At all times relevant, Defendant was and still is an "employer" within the meaning of Title VII and the NYSHRL.

## FACTUAL ALLEGATIONS

*Plaintiff Meaghan Lombardo*

13. Plaintiff is a twenty-year-old adult female who was subject to sexual harassment during her employment with Defendant by her manager.

14. Plaintiff was employed by Defendant as a seasonal lifeguard from on or about June 2018 through 2021.

15. During her employment with Defendant, Plaintiff was sexually harassed by Stacy [last name unknown], who worked for Defendant as the Aquatics Director. Upon information and belief, Stacy is a married woman and approximately forty years old.

16. Stacy's conduct included sexual comments made to Plaintiff and her co-workers, showing Plaintiff photos of nude and scantily clad individuals, and forcing Plaintiff to model very revealing and sexualized swimwear, despite Plaintiff's protests. Stacy's conduct was intended to, and did, cause Plaintiff to feel intimidated, embarrassed, and humiliated. The sexual harassment interfered with Plaintiff's ability to work.

17. Stacy routinely made sexual comments to Plaintiff, going so far as to state, "*I would love to take a picture of your boobs to send to my plastic surgeon*." On a separate occasion, after having made Plaintiff thoroughly uncomfortable by staring at her breasts, Stacy remarked, "*your boobs look so nice and perky*!" These comments made Plaintiff uncomfortable and kept her from feeling safe while performing my duties. However, Plaintiff was further made uncomfortable when Stacy informed her that she "*swings both ways*," indicating that she was sexually attracted to both men and women.

18. Stacy routinely asked Plaintiff personal questions, including questions about her pubic area. For example, Stacy asked Plaintiff, "*What razor do you use down there because mine looks like a cavewoman*," referring to her pubic hair. Plaintiff refused to answer Stacy's question due to its inappropriate nature in the workplace. As if this were not enough, Stacy asked Plaintiff questions such as: "*How is you and your boyfriends sex life? My husband and I are very frisky,*

3

*are you guys like that*?" and "*Do you use [sex] toys*?" Plaintiff felt embarrassed and humiliated by Stacy's conduct.

19. Stacy forced Plaintiff to model an inappropriate piece of swimwear for her. She ordered Plaintiff to try on a thong bikini. Plaintiff objected and stated that she was very uncomfortable in such attire at work, and that she did not want to wear it. Stacy insisted, saying, "*go put on this thong and spin, that's an order*!" Stacy did not relent until Plaintiff put on the thong bikini. Once Plaintiff had put the bikini on, Stacy ordered Plaintiff to spin for her, ogling her as she did. Plaintiff was absolutely humiliated and degraded by this incident.

20. Stacy regularly referred to the male employees as "*my sexy boys*" in the presence of Plaintiff. Stacy said to a male employee in Plaintiff's presence, "*I would love to see you in a banana slinger*." Additionally, when another lifeguard named Cole was walking by without a shirt on, Stacy said, "*Here comes Cole, giving us a show again, isn't his body so sexy and beautiful*?" These comments made Plaintiff uncomfortable and embarassed while performing her duties.

21. Stacy's comments to Plaintiff frequently crossed the line into a graphic nature, such as when she asked Plaintiff, "*Don't you think Karen's pussy is dirty and crusty? I hope her husband is fucking other women*!" Stacy's vile sexual comments interfered with Plaintiff's ability to work.

22. Stacy's harassing conduct caused the constructive discharge of Plaintiff's employment.

23. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continue to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages.

4

*Plaintiff Isabella Lorenzo*

24. Plaintiff is a twenty-year-old adult female who was subject to sexual harassment during her employment with Defendant by her manager.

25. Plaintiff was employed by Defendant as a seasonal lifeguard each year from in or about June 2018 through 2021.

26. During her employment with Defendant, Plaintiff was sexually harassed by Stacy [last name unknown], who worked for Defendant as the Aquatics Director.

27. Stacy's conduct included sexual comments to Plaintiff and showing Plaintiff photos of nude and scantily clad models. Stacy's conduct was intended to, and did, cause Plaintiff to feel intimidated, embarrassed, and humiliated. The sexual harassment interfered with Plaintiff's ability to work.

28. Stacy forced Plaintiff to view highly graphic images of naked and scantily clad individuals. Despite Plaintiff's objection that she did not wish to view the images in the workplace, Stacy did not relent until she had shown Plaintiff all the images. Stacy's conduct caused Plaintiff to feel embarrassed and interfered with her ability to work.

29. Stacy asked Plaintiff's co-workers inappropriate questions of aa sexual nature in Plaintiff's presence. Stacy asked Plaintiff Lombardo questions about her anatomy in Plaintiff's presence, such as, "*What razor do you use down there because mine looks like a cavewoman*," referring to her own pubic hair. Stacy's questions caused Plaintiff to feel embarrassed and interfered with her ability to work.

30. In Plaintiff's presence, Stacy asked Plaintiff Lombardo, "*Don't you think Karen's pussy is dirty and crusty? I hope her husband is fucking other women*!"

31. Stacy required Plaintiff Lombardo to model inappropriate swimwear for her in Plaintiff's presence and ordered Plaintiff Lombardo spin for her, ogling her as she did. Stacy's conduct caused Plaintiff to feel embarrassed and degraded as she watched the spectacle unfold.

32. Stacy routinely made sexual comments to Plaintiff about her co-workers and referred to the male employees as "*my sexy boys*." Indeed, she once stated to Plaintiff, "*Did you know that Bradley is only 19? I've said such vulgar things to and about him*!" Plaintiff heard Stacy say to another employee named Liam, "*I would love to see you in a banana slinger*." Additionally, when another lifeguard named Cole was walking by without a shirt on, Stacy said, "*Here comes Cole, giving us a show again, isn't his body so sexy and beautiful*?" These comments made Plaintiff uncomfortable and embarrassed while performing her duties. Plaintiff was also made uncomfortable when she heard Stacy inform Plaintiff Lombardo that she "*swings both ways*," indicating that she was sexually attracted to both men and women.

33. Stacy's harassing conduct caused the constructive discharge of Plaintiff's employment.

34. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continue to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages.

*Retaliation Claims*

35. In or about August 2021, Plaintiffs complained about Stacy's sexually harassing conduct to Manager Emma Romeo. Romeo reported Plaintiffs' complaints to Tiffany McDonough. However, Defendant failed to take any corrective action and, instead, retaliated against Plaintiffs by threatening to withhold their wages.

36. Defendant failed to take appropriate action in response to Plaintiffs' complaint of sexual harassment such as terminating Stacy's employment, suspending Stacy without pay pending investigation, or requiring Stacy to complete sexual harassment training. Instead, Defendant continued to employ Stacy without interruption and without providing her with training regarding sexual harassment in the workplace.

## FIRST CLAIM FOR RELIEF
## TITLE VII SEX DISCRIMINATION

37. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

38. Plaintiffs have been discriminated against on the basis of their sex.

39. Plaintiffs were subject to ongoing sexually offensive and humiliating conduct that altered the terms and conditions of their employment.

40. The harassment of Plaintiffs was so distracting that it interfered with Plaintiffs' ability to work.

41. The harassment of Plaintiffs made it more difficult for them to perform their jobs.

42. The harassment to which Plaintiffs were subjected was such that a reasonable employee would find the conditions of her employment altered for the worse.

43. As a proximate result of the discrimination and harassment described herein, Plaintiffs have suffered and continue to suffer substantial loss of past and future earnings and other employment benefits.

44. As a proximate result of the discrimination and harassment described herein, Plaintiffs have suffered and continue to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

45. The conduct described herein was done in conscious disregard of Plaintiffs' rights.

## SECOND CLAIM FOR RELIEF
## TITLE VII RETALIATION

46. Plaintiffs reallege and incorporate by reference the preceding allegations as if fully set forth herein.

47. By the acts and practices described above, Defendants retaliated against Plaintiffs in violation of Title VII.

48. As a result of Defendant's retaliatory conduct, Plaintiffs have suffered loss of income and benefits, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

49. The conduct described herein was done in conscious disregard of Plaintiffs' rights.

## THIRD CLAIM FOR RELIEF
## NYSHRL DISCRIMINATION

50. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

51. Plaintiffs have been discriminated against on the basis of their sex and gender.

52. Plaintiffs were subject to ongoing sexually offensive and humiliating conduct that altered the terms and conditions of their employment.

53. The harassment of Plaintiffs was so distracting that it interfered with Plaintiffs' ability to work.

54. The harassment of Plaintiffs made it more difficult for them to perform their job.

55. The harassment to which Plaintiffs were subjected was such that a reasonable employee would find the conditions of her employment altered for the worse.

56. As a proximate result of the discrimination and harassment described herein, Plaintiffs have suffered and continue to suffer substantial loss of past and future earnings and other employment benefits.

57. As a proximate result of the discrimination and harassment described herein, Plaintiffs have suffered and continue to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

58. The conduct described herein was done in conscious disregard of Plaintiffs' rights.

## FOURTH CLAIM FOR RELIEF
## NYSHRL RETALIATION

59. Plaintiffs reallege and incorporate by reference the preceding allegations as if fully set forth herein.

60. By the acts and practices described above, Defendants retaliated against Plaintiffs in violation of the NYSHRL.

61. As a result of Defendant's retaliatory conduct, Plaintiffs have suffered loss of income and benefits, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

62. The conduct described herein was done in conscious disregard of Plaintiffs' rights.

## DEMAND FOR TRIAL

63. Plaintiffs reallege and incorporate by reference the preceding allegations as if fully set forth herein.

64. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

(i.) Back pay and the value of employment related benefits;

(ii.) Pre-judgment and post-judgment interest as permitted by law;

(iii.) Compensatory damages for mental anguish and emotional distress;

(iv.) Punitive damages;

(v.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims; and

(vi.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
March 22, 2022

                LAW OFFICE OF PETER A. ROMERO PLLC

By: */s Peter A. Romero*

Peter A. Romero, Esq.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiffs*